IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NELSON HENRY JAMES,<br><br>    Plaintiff<br><br>  VS.<br><br>RALPH BATTLE, TIM JONES,<br>BARBARA DALRYMPLE,<br>NURSE HERSHELL,<br>OCONEE REGIONAL MEDICAL CTR.,<br>MACON COLISEUM MEDICAL CTR.,<br>Dr. GAURANG D. GANHI,<br>Nurse SMITH, SHARON GAYLE,<br>Nurse MURRAY, TORMEIKA MILNER,<br>REGINALD WILSON, SCHNETER CLAY,<br>CAROL SCOTT, FREDERICK BURTON,<br><br>    Defendants | NO. 5:09-CV-323 (CAR)<br><br><br><br><br><br><br><br><br><br><br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER AND RECOMMENDATION

Plaintiff **NELSON HENRY JAMES**, an inmate at Georgia State Prison in Reidsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the initial partial filing fee as ordered by the Court and is responsible for the remainder of the filing fee as described in detail below.

### I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

1

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that he arrived at Bostick State Prison in November 2007 and he began to experience chest pain around his pacemaker site. Plaintiff maintains that at Bostick State Prison, Medical Director Reginald Wilson, Dr. Dalrymple and Physician Assistant Tormeika Milner ignored his complaints regarding chest pains.

Plaintiff alleges he was eventually taken to the Oconee Regional Medical Center where he was seen by Dr. Schneter Clay. Plaintiff states that Dr. Clay told him that something was wrong with this pacemaker, but then delayed his medical treatment. Plaintiff explains that although he was taken to the Oconee Regional Medical Center on numerous occasions, Dr. Clay did not provide medical care and never called St. Jude Pacemaker to check plaintiff's pacemaker.

Plaintiff avers that on December 19, 2007, the emergency room doctor at Oconee Regional Medical Center told him that there was nothing they could do for him and that "they will give Bostick State Prison 72 hours to be seemed (sic) by a cardiologist."

Plaintiff claims that on December 22, 2007, he was taken to the "Medical Center in Atlanta, Georgia." According to plaintiff, the emergency room doctor told him that "the wire on the pacemaker was connect (sic)."

Plaintiff states that when he returned to Bostick State Prison on January 2, 2008 he found out that he had methicillin-resistant staphylococcus. Apparently plaintiff informed Warden Ralph Battle and Assistant Warden Tim Jones of this and of his continued chest pain. Plaintiff states that they ignored him. Plaintiff worried that if the pacemaker site became infected the entire pacemaker would have to be removed.

Plaintiff states that in January 2008 he was seen by Nurse Murray, Nurse Valentine, Nurse Gayle, Nurse Hershel, and Physician's Assistant Milner. Plaintiff states that the nurses and physician's assistant ignored bleeding, swelling, redness, soreness, and drainage from his surgical scar.

2

Plaintiff states that a nurse (name unknown) finally had him taken to the Macon Coliseum Medical Center in Macon, Georgia on January 19, 2008. Plaintiff alleges that his pacemaker was infected and, although Dr. Frederick Burton and Dr. Ganhi told him it needed to be removed, they did not remove the pacemaker during surgery.

Plaintiff has named 15 defendants in his recast complaint. Although he shows Nurse Smith and Dr. Carol Scott in the heading of his complaint, he has made no allegations against these individuals in the body of his complaint. Therefore, they are subject to dismissal. ***Zatler v. Wainwright***, 802 F.2d 397, 401 (11th Cir. 1986). This is especially true in light of the fact that the Court specifically explained to plaintiff that he must name the defendants in the heading of his complaint and explain how each defendant allegedly violated his constitutional right in the body of his complaint. (R. at 11).

Plaintiff has also named the Oconee Regional Hospital and Coliseum Medical Center as defendants.[1] This is presumably because various doctors and nurses who allegedly were indifferent to his serious medical needs work at these hospitals. However, plaintiff has not shown that either hospital played any role in the allegedly inadequate medical care he has received. Courts have held that "[a] defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis." ***Harvey v. Harvey***, 949 F.2d 1127, 1129-30 (11th Cir. 1992). Therefore, Oconee Regional Hospital and Coliseum Medical Center cannot be held liable for the action or inaction of their employees in this §1983 action.

In conclusion, it is **RECOMMENDED** that **Nurse Smith, Dr. Carol Scott, Oconee Regional Hospital, and Macon Coliseum Medical Center** be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this Order.

---

[1] There is some question regarding whether defendants Wilson, Clay, Burton, and Gandhi, who are all employed by Oconee Regional Medical Center and/or Macon Coliseum Hospital are state actors and are, therefore, subject to liability under 42 U.S.C. § 1983. It certainly appears that they may be private physicians unaffiliated with state institutions. ***See Harvey***, 949 F.2d at 1132-33. However, at this stage in the litigation and with only the complaint for review, the Court is reluctant to dismiss these defendants.

At this time, the Court cannot find that the claims against the remaining defendants (**RALPH BATTLE, TIM JONES, BARBARA DALRYMPLE, NURSE HERSHELL, DR. GAURANG D. GANHI, SHARON GAYLE, NURSE MURRAY, TORMEIKA MILNER, REGINALD WILSON, SCHNETER CLAY, FREDERICK BURTON**) is wholly frivolous. These claims shall go forward against these defendants.

Accordingly, it is HEREBY ORDERED AND DIRECTED that service be made as provided by law upon the defendant(s); that a WAIVER OF REPLY, an ANSWER or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said defendant(s) as required and permitted by law.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determine that discovery has been completed and all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to <u>file</u> original motions, pleadings, and correspondence with the Clerk of court;  to <u>serve</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including</u> <u>letters</u> <u>to</u> <u>the</u> <u>Clerk</u> <u>or</u> <u>to a</u> <u>judge</u>) upon opposing parties or counsel for opposing parties if they are represented;  and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

### DISCOVERY

PLAINTIFF(S) SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S).  THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that  discovery  (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion.  The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

5

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  **No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party.  <u>No party shall be required to respond to any such requests which exceed these limitations.</u>

☞ ### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities.  DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's <u>income</u> credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or non-jury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞   After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide ELECTION FORMS to the parties and/or to their legal counsel, if represented. Upon receipt of the ELECTION FORMS, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute ELECTION FORMS on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the ELECTION FORMS on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 29th day of October, 2009.



s/ *Claude W. Hicks, Jr.*
_____
CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

**ADDENDUM TO ORDER**

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.