IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

NELSON HENRY JAMES, JR.,

                        Plaintiff

VS.                                            **NO.  5:09-CV-323 (MTT)**

RALPH BATTLE, *et al.*,

                        Defendants             **PROCEEDINGS UNDER 42 U.S.C. §1983**
                                               **BEFORE THE U. S. MAGISTRATE JUDGE**

## RECOMMENDATION

On December 29, 2009, defendants Ralph Battle, Tim Jones, Renee Murray, and Barbara Dalrymple filed a motion seeking dismissal of the above-captioned case.  Tab #21.  In the motion, these defendants assert that the plaintiff has, *inter alia*, failed to exhaust his administrative remedies and failed to state a claim.  On December 30, 2009, the undersigned entered an order directing plaintiff Nelson Henry James, Jr. to file a response to the motion on or before January 22, 2010.  Tab #23.  In addition to directing a response, this order advised plaintiff James that failure to respond would result in the motion being considered as uncontested.

On January 4, 2010, defendant Reginald Wilson filed a separate motion seeking dismissal alleging therein that the plaintiff failed to state a constitutional claims.  Tab #30.  On January 6, 2010, the undersigned directed the plaintiff to file a response to this motion on or before January 28, 2010.  Tab #37.  As before, the undersigned explained the likely result of failing to respond.

Thereafter, in a motion dated February 8, 2010, plaintiff James requested a thirty (30) day extension of time to respond.  Tab #41.  On February 10, 2010, the undersigned granted the plaintiff's request and directed him to file his response(s) no later than March 10, 2010.  Tab #42. Plaintiff has yet to file a response to either of the pending motions seeking dismissal.  Even though this failure, by itself, justifies dismissal of this action, the undersigned will proceed to consider the defendants' motions using the existing record in this case.

# FACTUAL BACKGROUND

According to plaintiff James' RECAST COMPLAINT, the facts of this case are as follows: In November of 2007, he was transferred from the Georgia Diagnostic and Classification Prison to Bostick State Prison. Thereafter, he began to experience pain in the area around his pacemaker. After notifying prison officials of this pain, he was transported to the Oconee Regional Medical Center (ORMC) in Milledgeville, Georgia. Following an examination, he was informed by Dr. Schneter Clay that something was wrong with his St. Jude pace maker.

Next, without providing any further explanation about what else occurred during this initial visit to ORMC, plaintiff James asserts that Dr. Clay and his staff improperly delayed medical treatment. He then explains that, in response to similar complaints made to the staff at Bostick, he was taken back to ORMC on several occasions. On each of these return visits, the plaintiff contends that no one contacted St. Jude regarding the pace maker.

Later, during a December 19, 2008 visit to ORMC, plaintiff James claims that an unidentified emergency room doctor told him there was nothing they could do about his pacemaker. This unidentified doctor then told the plaintiff that Bostick State Prison would be given seventy-two (72) hours in which to have him examined by a cardiologist. On December 22, 2008, plaintiff was transported to a medical center in Atlanta, Georgia. While there, another unidentified doctor explained that "the wire on the pace maker was connct (sic)."

In early January, 2008, after returning to Bostick State Prison, the plaintiff continued to have symptoms involving his pace maker. To no avail, he complained to and sought assistance from defendants Battle and Jones. Furthermore, during several subsequent visits to Bostick's medical department occurring between January 2, 2008 and January18, 2008, nurses Murray, Valentine, Gayle, Hershell, and PA Milner, refused to offer him any help.

On January 19, 2008, plaintiff James returned to the medical department at Bostick once again concerned with his pace maker. Following an examination, he was transported to the Coliseum Hospital in Macon, Georgia. Once at Coliseum Hospital, it was determined that he was suffering from a methicillin resistant staph infection. In response, he was given an appropriate antibiotic.

On January 20, 2008, the plaintiff was informed that his pace maker was infected and would have to be removed and replaced.  Two days later, he went in for the operation.  At some point after the procedure, plaintiff learned that his original pace maker was not removed because, in the opinion of the surgeon, it did not appear to be infected.  Shortly thereafter, he began to experience symptoms which led him to conclude that the device was, in fact, infected.

## LEGAL STANDARDS

### A. MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted."  When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff.  *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988).  Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true.  *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).  Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim."  *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

### B. MEDICAL TREATMENT OF PRISONERS

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment."  429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976).  However, the course of treatment is "a classic example of a matter for medical judgment."  *Estelle, supra*, at 107, 97 S.Ct. at 293.

At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991).[1] Moreover, *Estelle* specifically states that the question of whether additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. *Estelle, supra*, at 292-93.

### DISCUSSION

In response to the plaintiff's account of the facts, and in their respective motions seeking dismissal, the defendants aver that the plaintiff's allegations clearly establish that he has been continually and repeatedly provided with a wide array of medical care and treatment. As such, they reason that the instant claims consist only of the plaintiff's disagreements with the course of treatments he is receiving. Applying these arguments to the controlling law cited above, the defendants conclude that plaintiff James has failed to state a claim. Consequently, they aver that their motions seeking dismissal should be granted. The undersigned agrees.

After careful consideration of the law and of the record in this case, the undersigned finds the defendants' arguments persuasive. Actions premised entirely upon an inmate plaintiff's dissatisfaction or disagreement with the courses of medical treatment he receives while in prison are not appropriate under 42 U.S.C. §1983 . This is because such assertions are not sufficient to establish a claim of medical deliberate indifference. *See Estelle, supra*, at 292-93. Accordingly, **IT IS RECOMMENDED** that defendants' motions seeking dismissal (Tabs #21 and #30) be **GRANTED**.

---

[1] Vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by unpublished order (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191 n.* (11th Cir. 1994).

In addition to the defendants who have moved for dismissal, several other individuals were named by the plaintiff as defendants in this action. Included among these several individuals are Nurse Smith and Carol Scott.[2] On January 21, 2010, and in rejecting the undersigned's recommendation to dismiss these two defendants, the district judge ordered plaintiff James to amend his RECAST COMPLAINT by submitting a brief factual recitation of the specific actions or omissions of Nurse Smith and Carol Scott which were in violation of his constitutional rights. Tab #39. He was given fourteen (14) days to comply with this order. He was also warned that failure to comply could result in dismissal of his case against these defendants. Despite clear notice of the potential consequences, plaintiff James has, to date, failed to comply with the district judge's instruction. Accordingly, **IT IS RECOMMENDED** that Nurse Smith and Carol Scott also be **DISMISSED** from this action.

In summary, and for the reasons set forth above, the undersigned **RECOMMENDS** that the instant motions seeking dismissal be **GRANTED** and that this action be **DISMISSED** <u>in</u> <u>its</u> <u>entirety</u>. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The Clerk is directed to serve plaintiff at the **<u>LAST</u> <u>ADDRESS</u>** provided by him.

**SO RECOMMENDED**, this 11th day of AUGUST, 2010.



        CLAUDE W. HICKS, JR.
        UNITED STATES MAGISTRATE JUDGE

---

[2] Other named defendants include Nurse Hershell, Gaurang D. Ganhi, Sharon Gayle, Tormeika Milner, Schneter Clay, and Frederick Burton. Despite numerous attempts, these individuals have not been served with this action and are therefore not properly before the court. *See* Tab #14, Tab #15, Tab #32, Tab #33, Tab #34, Tab #35.